IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN KOCH, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DARRELL WESTERMAN, et al., )<br>)<br>    Defendants. )<br>) | Case No. 3:07-cv-00004-DGW |

## HIPAA QUALIFIED PROTECTIVE ORDER

This matter is before the Court on the Motion for HIPAA Qualified Protective Order filed by Defendants on September 13, 2010 (Doc. 81).  The motion is **GRANTED**.

This motion seeks access to Plaintiff Shawn Koch's medical records and a protective order to restrict the use of such records, which are private and confidential pursuant to the Health Insurance Portability and Accountability Act (HIPAA).  Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect relevant and discoverable material.  Defendants stipulate that Plaintiff's medical records will only be used for the purposes of this litigation, and that a protective order will secure Plaintiff's protected health information from unauthorized disclosure.  The Court finds that good cause exists for issuance of an order permitting limited disclosure of such information, and that entry of this Order is appropriate pursuant to Federal Rule of Civil Procedure 26(c).

**THEREFORE, IT IS HEREBY STIPULATED AND ORDERED:**

1. The Court orders that the Plaintiff's medical records shall be released to the attorney of record in this litigation upon request of said attorney.

2. This Order applies to any records produced by a covered entity as defined by 45 C.F.R. 160.103 which has received a request or subpoena for protected health information.

3. During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the Plaintiff, as that term is defined under the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act.

    (a) All protected health information disclosed by any of Plaintiff's healthcare providers shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in the case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

    (b) Protective health information pursuant to this HIPAA Qualified Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

    (c) Protected health information may be disclosed without further notice by any covered entity or healthcare provider, party or parties' attorney, to:

        (1) The parties themselves, parties' attorneys, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third-party administrators for any of the parties involved in litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above.

        (2) The parties, and each entity governed by this Order shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made, provided, however, that said

        protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

**IT IS SO ORDERED.**

**DATED: September 14, 2010**

                                            **s/** *Donald G. Wilkerson*
                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**